# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv212

| | |
|---|---|
| ROBERT SWITZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' cross motions for summary judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Defendant's Motion for Summary Judgment [# 11] and **GRANT** the Plaintiff's Motion for Summary Judgement [# 9].

## I. Procedural History

Plaintiff filed an application for disability insurance benefits on April 9, 2012. (Transcript of Administrative Record ("T.") 187.) Plaintiff alleged an onset

date of December 11, 2011.  (T. 187, 205.)  The Social Security Administration denied Plaintiff's claim.  (T. 102-05.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 106, 110-13.)  A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 36-54.)  The ALJ then issued a decision finding that Plaintiff was not disabled from December 11, 2011, through the date of the decision.  (T. 30.)  Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council.  (T. 1-4.)  Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence: (1) whether  a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, __ F.3d __, 2016 WL 3349355, at *2 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, __ F.3d __, 2016 WL 3349355, at *2.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is

unable to perform past work. Monroe, __ F.3d __, 2016 WL 3349355, at *2. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, __ F.3d __, 2016 WL 3349355, at *2. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, __ F.3d __, 2016 WL 3349355, at *2. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, __ F.3d __, 2016 WL 3349355, at *2.

**III. The ALJ's Decision**

In his June 27, 2014, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since December 11, 2011. (T. 30.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

(2) The claimant engaged in substantial gainful activity during the following periods: the 4th quarter of 2013 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

(3) However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity from December 11, 2011 to August 31, 2013. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.

(4) The claimant has the following severe impairments: bipolar disorder; OCD; history of joint dysfunction (knees) (20 CFR 404.1520(c)).

(5) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(6) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c), able to understand, remember and carry out simple instruction; able to adapt to infrequent changes in the work setting; and limited to work that requires no interaction with the public and occasional interaction with co-workers and supervisors.

(7) The claimant is capable of performing past relevant work as a kitchen helper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(8) The claimant has not been under a disability, as defined in the

>Social Security Act, from December 11, 2011, through the date of this decision (20 CFR 404.1520(f)).

(T. 17-30.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, __ F.3d __, 2016 WL 3349355, at *8. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based

on the correct application of the law.  Id.

   **V.   Analysis[1]**

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence.  20 C.F.R. § 404.1527(b).  Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions.  20 C.F.R. § 404.1527(a)(2).  In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."  Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527.  The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons

for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

After summarizing the medical evidence in detail, including the various medical opinions in the record, the ALJ addressed the weight he assigned to these opinions. Specifically, the ALJ determined:

> As for the opinion evidence, the undersigned has given great weight to the findings of the State Agency physicians and the State Agency psychologist because their opinions are consistent with the objective evidence of record. Other weight is given to the opinion of Drs. Burgess and Dr. Miller as these opinions were in the context of arising from one-time evaluations. Other weight was also given to the therapist GAF in context of being an opinion about that date in time. Dr.

> Barnett's opinion was given some weight regarding her assessment of Tourret's syndrome; however, the limitations given are not supported by the record as a whole. Drs. Miller and Barnett appear to have based limitations upon the claimant's subjective complaints.

(T. 28.)

As a threshold matter, the ALJ's decision contains merely a conclusory statement by the ALJ as to why he assigned various weights to the medical opinions in the record. For example, the ALJ fails to offer any justification or explanation as to how the medical evidence in the record supports the opinions of the State Agency examiners, why the decisions are entitled to great weight despite conflicting evidence in the record, or how portions of Dr. Barnett's opinion related to claimant's limitations are not supported by the record. Instead, this Court is left to review the medical evidence and determine on its own how the medical evidence supports the decision. And as the United States Court of Appeals has repeatedly warned in the context of other findings, these type of conclusory findings by an ALJ make meaningful review by this Court impossible. See Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); Fox v. Colvin, 632 F. App'x 750, 2015 WL 9204287 (4th Cir. Dec. 17, 2015).

This is especially true with the opinion of Dr. Barnett, which the ALJ seemed to accept in part and reject in part without any real analysis or discussion. (T. 27-28.) Dr. Barnett opined that:

> Mr. Switzer's impaired ability to engage in appropriate, reciprocal social interactions appears to be life-long. Mr. Switzer also has difficulty managing the pressure of working at what is a likely an average rate of productivity in occupational settings. Mr. Switzer's tendency to hyper-focus when he becomes engage[ed] in an activity that is of interest to him, as well as his anxiety regarding making a mistake, contribute to his difficulty in maintaining pace. The patient appears to have marked impairments in social functioning and activities of daily living, including significant declines in concentration, persistence, and pace. Considering Mr. Switzer's social challenges and poor ability to manage stress, it does not seem likely that Mr. Switzer would be able to meet the typical demands of employment at this time.

(T. 460.) It is incumbent on the ALJ to provide more than the conclusory statement in the decision regarding Dr. Barnett's opinion.

Moreover, it is not even clear to the Court what weight the ALJ assigned to the opinions other than the State Agency examiners and the opinion of Dr. Barnett as to her assessment of Tourette's syndrome. The ALJ assigned "other weight" to the opinions of Dr. Burgess, Dr. Miller, and the GAF score of 43 assessed by Justin Knodel, LCSW (T. 362). The Court presumes that this means that the ALJ assigned some weight other than great to these opinions, but "other weight" could range from significant weight to no weight. Again, without knowing the weight that the ALJ assigned to the opinion evidence in the record, the Court is left to fill in the blanks of the legal analysis, which goes beyond this Court's role in reviewing a decision by an ALJ.

The Court is also somewhat troubled by the logic of assigning great weight

to the opinions of the State Agency examiners while discrediting the opinion of Dr. Burgess for the sole reason that her opinion was in the context of a one time-evaluation. If the only reason behind assigning the opinion of Dr. Burgess other weight (which the Court presumes is less than great) is the lack of an ongoing treatment relationship, then the same logic would apply to the State Agency examiners, who did not even examine Plaintiff. This is not to say that the ALJ cannot assign greater weight to the State Agency examiners than a consultative examiner, but an ALJ must provide some basic analysis in the decision as to his or her reasoning to allow meaningful review.

Finally, the Court finds that the conclusory treatment of the opinion evidence is also problematic because of the GAF scores in the record. The Licensed Clinical Social Worker Knodel assigned a GAF score of 43 on April 2, 2012. (T. 346-62.) Dr. Miller assigned the same GAF score in his July 20, 2012, report based on the June 18, 2012, evaluation of Plaintiff. (T. 364-68.) Dr. Barnett assigned a GAF score of 50 based on her April 3, 2014, exam of Plaintiff. (T. 457-72.) "A GAF score of 45 indicates that the person has serious symptoms or serious impairment in social, occupational or school functioning." Powell v. Astrue, 927 F. Supp. 2d 267, 275 n.4 (W.D.N.C. 2013) (Reidinger, J.). Although a GAF score is merely a snapshot of a claimant's functioning at a specific moment in time,

Powell, 927 F. Supp. 2d at 273, courts in this Circuit, as well as the Social Security Administration, have determined that the score is a medical opinion where it is assigned by an acceptable medical source, Emrich v. Colvin, 90 F. Supp. 3d 480, 491-92 (M.D.N.C. 2015); Kennedy-Garnett v. Colvin, No. 1:14CV198, 2015 WL 4158755, at *5 (M.D.N.C. Jul. 9, 2015); Clemins v. Astrue, No. 5:13cv00047, 2014 WL 4093424, at *12 (W.D. Va. Aug. 18, 2014); Cooke v. Colvin, 2014 WL 4567473, at *14 (W.D. Va. Sept. 12, 2014). While the Court is cognizant that a GAF score is not dispositive of disability, it was incumbent on the ALJ to provide sufficient legal reasoning in the decision as to the weight assigned to these opinions to allow this Court to conduct meaningful review without conducting the same type of factual inquiry that the Fourth Circuit chastised this Court for doing in Fox, 632 F. App'x 750, 2015 WL 9204287.

Although the Court is mindful of the significant work load of ALJs in conducting these hearings, as well as the pressure placed on ALJs to produce a significant number of disability decisions a year, these decisions must set forth more than a summary of the medical evidence and conclusory findings. The decision must set forth the ALJ's legal reasoning with sufficient detail so that this Court can conduct meaningful review of the decision. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion and

**REMAND** this case.

VI.     Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Defendant's Motion for Summary Judgment [# 11] and **GRANT** the Plaintiff's Motion for Summary Judgement [# 9].

Signed: July 5, 2016

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).